FILED

2013 Jul-22  AM 09:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA EASTERN DIVISION

| | | |
|---|---|---|
| **ANTOINE RAY WATTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:10-cv-03107-AKK-TMP** |
| | ) | |
| **CAPTAIN KEN FLOWERS,** | ) | |
| ***et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OF OPINION AND ORDER

The magistrate judge filed a report May 24, 2013, recommending that the court treat defendants' special report as a motion for summary judgment and that the court deny the motion.  Doc. 36.  The defendants  – specifically Captain Ken Flowers and Nurse Stephanie Murphree – have submitted objections to the report and recommendation,[1] docs. 37 - 39, which the court addresses separately.

---

[1] In conjunction with her objections, defendant Stephanie Vincent submits a motion for leave to supplement her previously filed affidavit. Doc. 38.  The motion is **GRANTED** to the extent that she may supplement her original affidavit with the materials attached to the motion.  However, no ruling is made as to the relevancy or admissibility of the particular statements therein.

A.   *Captain Flowers – Alleged failure to establish knowledge of a need for treatment*

Captain Ken Flowers raises two key contentions in his objections.  Doc. 37. First, Captain Flowers asserts that no evidence exists that supports the subjective element of the plaintiff's Eighth Amendment claim.  *Id*. at 1-2.  Specifically, citing language in the three grievances plaintiff submitted to him, Captain Flowers asserts that there is no evidence showing that he "ever became aware that oral surgery had ever been recommended for the plaintiff by the jail medical staff or that such surgery had been delayed."  *Id*. at 1-2.   As it relates to the first grievance the plaintiff filed on July 20, 2010, Captain Flowers contends the grievance "recites plaintiff Watts' desire to have a *wisdom tooth* pulled," and that the plaintiff never indicated that the tooth is decayed, broken, or diseased or "any [other] indicia of emergent circumstances."  *Id*. at 2.  Unfortunately for Captain Flowers, his summary of the grievance is incomplete and overlooks that the plaintiff plainly stated he suffered from "serious pain" and had needed his tooth pulled for "9 months." Doc. 14 at 3. Moreover, the grievance  notified Captain Flowers that the medical staff's delay in providing the necessary treatment rested solely upon the plaintiff's inability to raise $950, and that medical personnel had allegedly informed the plaintiff that he would

"just be in pain" until he paid the fee.[2] *Id*.  In other words, the express terms of the first grievance belie Captain Flowers' contentions that the plaintiff never apprised him of his need for treatment for his tooth and the subsequent indefinite delay in receiving treatment.

Likewise, the other two grievances also undermine Captain Flowers' contention that he had no notice that the plaintiff needed oral surgery.  As Captain Flowers acknowledges, the plaintiff submitted a second grievance in November 2010 that related to "a complaint . . . regarding his teeth." Doc. 37 at 2.  While Captain Flowers maintains that he cannot locate this grievance, his own description of the grievance, when coupled with the first and – as shown below – the third grievances, is sufficient to establish that he had notice of the need to intervene to secure the plaintiff's medical treatment.  Indeed, a cursory review of the  plaintiff's third grievance on December 1, 2010, which Captain Flowers characterizes as a grievance "simply" indicating the plaintiff's desire to have a tooth pulled, *id*., easily shows that the plaintiff stated plainly that he was in "serious pain" and had suffered for "over a year." Doc. 21-1 at 79.  Moreover, the plaintiff notified Captain Flowers of the

---

[2] The plaintiff's contentions in this regard are supported by the affidavit of Dr. Jerry N. Gurley. Doc. 30-1.  Although Dr. Gurley's examination of the plaintiff revealed a broken tooth and a "left upper molar abscess," he acknowledged informing the plaintiff that "neither the jail nor QCHC would pay for an oral surgeon." *Id*. at 2.  It therefore seems clear that absent the plaintiff's ability to pay, the jail staff was willing to allow the plaintiff to continue to suffer pain.

medical staff's failure to act: "I have went (sic) through every step that I can do beside (sic) civil action for refusing medical treatment." *Id*. Despite clearly indicating that he needed Captain Flowers' intervention to induce the medical staff to treat his problem, Captain Flowers simply referred the plaintiff *back* to the medical staff even though Captain Flowers had known of the plaintiff's complaints of "serious pain" for at least four months, and had not taken any steps to investigate or remedy the problem. To make matters worse, Captain Flowers further evidenced deliberate indifference by responding mockingly to the plaintiff's plight by stating: "I am in serious pain over you receiving contraband from one of my officers." Doc. 21-1 at 79.

Although jail administrative personnel are generally permitted to rely on the expertise of the medical staff in making determinations regarding the health care of inmates, they do, however, "have a duty to look into the matter" when they are placed on notice about the denial of adequate treatment. *Goebert v. Lee County*, 510 F.3d 1312, 1328 (11th Cir. 2007). In such a context, "[c]hoosing to deliberately disregard, without any investigation or inquiry, . . . amounts to willful blindness." *Id.* In this instance, nothing in the record refutes the plaintiff's contention that he suffered from "significant and recurrent pain" for many months and that the defendants refused to allow him access to a free world oral surgeon "unless it were (sic) agreed that his

family members produce the financial funds." Doc. 34 at 3 - 5.  Moreover,  the plaintiff notified Captain Flowers as early as July 2010 that he suffered from serious pain and that he was denied treatment based solely on his inability to pay for the required procedure.  As the magistrate judge correctly pointed out, based on these facts, a reasonable jury could find that Captain Flowers possessed sufficient knowledge of alleged deliberate indifference on the part of the jail medical staff to create a duty on him to take corrective action.   Therefore, Captain Flowers' contentions are unavailing.

> B.   *Captain Flowers – Alleged failure to address qualified immunity*

Captain Flowers also contends that the magistrate judge failed to address his qualified immunity defense. Doc. 37 at 5.  Unfortunately for Captain Flowers, the Eleventh Circuit has held that "the need for dental care combined with the effects of not receiving it may give rise to a sufficiently serious medical need to show objectively a substantial risk of harm." *Farrow v. West*, 320 F.3d 1235, 1244 (11th Cir. 2003).  In fact, other courts have also recognized that "[d]ental care is one of the most important medical needs of inmates." *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1989); *see also Board v. Farnham*, 394 F.3d 469 (7th Cir. 2005).  Indeed, it is well established that "[w]here a prison official or medical provider has knowledge of the prisoner's serious medical condition and arbitrarily refuses any

medical care, that constitutes deliberate indifference." *Newsome v. Chatham County Detention Center*, 256 F. App'x. 342, 346 (11th Cir. 2007) (citing *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999); *Mandel v. Doe*, 888 F.2d 783, 788 (11th Cir. 1989)).[3]  Moreover, it is axiomatic that prison officials cannot deny a prisoner care for a serious medical need solely on the prisoner's ability to pay for that care. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 704 (11th Cir. 1985); *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239 (1983).  Here, the plaintiff has submitted factual claims which allege violations of clearly established constitutional parameters regarding the duty of jail personnel to respond reasonably to the medical needs of inmates.  Therefore, based on these alleged facts, Captain Flowers has failed to establish that he is entitled to qualified immunity at this juncture.

C.    *Defendant Murphree – Alleged failure to have authority to act*

Defendant Stephanie Vincent Murphree also objected to the magistrate judge's report. Doc. 39.  In a supplemental affidavit she filed with her objections, she states that during her employment at QCHC, she occupied an administrative position as Health Services Administrator primarily and that she would "sometimes help out in

---

[3] The facts in *Newsome* – where the plaintiff complained to the jail nursing staff of ongoing dental pain but was told he would have to wait thirty days for pain medication – are similar to those here. The Eleventh Circuit found that those allegations created a genuine issue of material fact sufficient to defeat summary judgment.

the clinic." Doc. 38 at 3. According to Nurse Murphree, although she spoke with the plaintiff on occasion in order to "answer questions for him of an administrative nature," she never saw the plaintiff "directly in a nurse/patient relationship" and never examined his tooth personally to determine whether the plaintiff required medical care. *Id*. at 4. Moreover, she contends that only the physicians had the authority to issue orders for teeth extraction. *Id.* Furthermore, although she has "no independent recollection" of telling the plaintiff he would have to wait until his transfer to the state penitentiary to have his tooth extracted, she acknowledges that she "could have made a statement to the effect that if his teeth were not extracted while at Talladega Jail it would probably be done when he got to the state." *Id*. Based on these contentions, including her denial that she told the plaintiff that he would "be in pain" until his transfer to a state prison, *id*, Nurse Murphree contends that "deliberate indifference by one who has no authority is not actionable." Doc. 39 at 2.

Nurse Murphree's contentions are unavailing for two reasons. First, the plaintiff is not alleging defendants delayed issuing him a medical *referral*; rather, he contends that defendants *denied* him access to an oral surgeon despite referring him for oral surgery as early as March 18, 2010.[4] *See* doc. 30-3 at 4. Examining the

---

[4] On this point, there is no dispute. In her initial affidavit, Nurse Murphree acknowledges that "it had been determined that the teeth would have to be removed by an oral surgeon." Doc. 30-2 at 1. More importantly, she admits that the plaintiff was told that he could only undergo the procedure while housed at the Talladega Jail if he "pa[id] for it to be done himself." *Id*. at 2.

record in a light most favorable to the plaintiff, as the court must do for purposes of summary judgment, by the time Nurse Murphree examined or spoke with the plaintiff, the record was replete with sick call requests and other medical forms documenting the plaintiff's severe pain and referenced a *referral* for oral surgery.  Based on these facts, it is clear that by that point, it was simply an administrative decision to act on or delay the  referral.  Therefore, at this juncture of the case, it is  reasonable to infer that the Health Care Administrator, i.e. Nurse Murphree, had the authority to enact an administrative decision scheduling a free world appointment for the plaintiff.

Secondly, although Nurse Murphree denies examining the plaintiff's tooth, the plaintiff actually contends unequivocally that Nurse Murphree examined his tooth *and* determined that further care was necessary. Doc. 34 at 3.  This is a quintessential factual dispute for a jury to resolve at trial.  At the very least, a genuine issue of fact exists with respect to Nurse Murphree's interaction with the plaintiff and whether she exhibited deliberate indifference to his serious dental problem.  In short, based upon the evidence before the court, it is clear that a reasonable jury could find deliberate indifference in Nurse Murphree's assessment that the plaintiff, absent financial ability to pay, had no choice but to remain in pain pending his transfer to state custody.[5]

---

[5] Defendant Murphree makes the additional arguments that she cannot be held liable on the basis of supervisory or vicarious liability, and that deliberate indifference requires more than mere negligence or medical malpractice. Doc. 39 at 2.  In light of the foregoing, these arguments are without merit and do not warrant discussion.

Based upon the foregoing, and having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and hereby is ADOPTED and his recommendation is ACCEPTED. Accordingly, it is **ORDERED** that the defendants' motion for summary judgment is **DENIED**. This matter is REFERRED to the magistrate judge for further proceedings.

**Done** this the 22nd day of July, 2013.

**ABDUL K. KALLON**
UNITED   STATES   DISTRICT   JUDGE

9